# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARK MADDOX,                          )
      Appellant,              )
                    )
                    )
                    )
      v.                )          C.A. No. N16A-09-011 ALR
                    )
                    )
                    )
INTEGRITY STAFFING               )
SOLUTIONS and                      )
UNEMPLOYMENT INSURANCE    )
APPEAL BOARD,                      )
      Appellees.              )

## ORDER

### *On Appeal from the Unemployment Insurance Appeal Board*
### AFFIRMED

Submitted: June 22, 2017
Decided: August 17, 2017

This is an appeal from the Unemployment Insurance Appeal Board ("UIAB").

Appellant Mark Maddox ("Claimant") appeals from a UIAB decision concluding

that Claimant is liable for an overpayment in the amount of $7,260.00. Upon

consideration of Claimant's appeal and Delaware Division of Unemployment

Insurance[1] opposition thereto; the facts, arguments, and legal authorities set forth by

---

[1] The Delaware Division of Unemployment Insurance appeared in this appeal to address the merits of the UIAB's decision.

the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On October 25, 2015, Claimant filed a claim for unemployment insurance benefits, and was awarded benefits. Claimant collected a weekly sum of $330.00 starting November 14, 2015 and ending April 23, 2016. When filing for unemployment benefits, Claimant certified that Claimant was unemployed and not collecting any wages from another employer. Claimant had an ongoing obligation to report any and all wages or income from any source during each week that Claimant collected unemployment benefits. Moreover, Claimant was aware that if Claimant was disqualified for fraudulently collecting benefits, then Claimant would be liable to repay any overpayment.

2. Through a new hire cross-match, the Division received information that Claimant was collecting wages from another employer, Integrity Staffing Solutions ("Staffing Solutions"), while also collecting unemployment benefits from November 28, 2015 to April 23, 2016. Claimant did not report the Staffing Solutions wages when Claimant refiled for benefits each week.

3. On May 25, 2016, Claimant was disqualified from receipt of unemployment benefits for fraud, specifically knowingly failing to disclose a material fact to obtain benefits to which he was not lawfully entitled.[2]

---

[2] See 19 *Del. C.* § 3314(6).

4. Claimant appealed the disqualification but failed to appear at the scheduled hearing on June 21, 2016. Disqualification became final.

5. After disqualification became final, on July 11, 2016, the Division issued an overpayment determination in the amount of $7,260.00 for 22 weeks of benefits collected from November 28, 2015 to April 23, 2016 by Claimant.[3]

6. Claimant appealed the overpayment determination on August 4, 2016.

7. On August 5, 2016, a Division Appeals Referee upheld the overpayment determination.

8. Ten days later, Claimant appealed to the UIAB.

9. On August 17, 2016, the UIAB affirmed the overpayment decision.[4]

10. On September 28, 2016, Claimant filed this appeal challenging the UIAB's decision that Claimant was responsible for overpayment.[5]

11. The scope of review for any court considering a decision of the UIAB is whether the UIAB abused its discretion. Absent abuse of discretion the Court must uphold a decision of the UIAB.[6] An appellate review of a decision by the

---

[3] See 19 *Del. C.* § 3325.
[4] See 19 *Del. C.* § 3320(a).
[5] See 19 *Del. C.* § 3323.
[6] *Funk v. Unemp't Ins. App. Bd.*, 591 A.2d 222, 225 (Del. 1991); *Dept. of Labor v. Med. Placement Serv. Inc.*, 457 A.2d 382, 383 (Del. Super. 1982).

UIAB is limited to determining whether the UIAB's findings and conclusions are free from legal error and are supported by substantial evidence in the record.[7]

12.     The Court finds that the record supports the conclusion that Claimant was fraudulently collecting benefits while also collecting wages. Claimant was required to report any and all wages or income from any source during each week that Claimant collected unemployment benefits. There is substantial record evidence that Claimant knowingly failed to disclose a material fact to obtain benefits to which Claimant was not lawfully entitled. Moreover, by completion of the Division's online application for unemployment benefits, Claimant was on notice that if Claimant was found disqualified, Claimant would be liable to repay any overpayment.

13.     The Court is satisfied that there is substantial evidence in the record to support the findings of the UIAB, and that such findings are free from legal error. Moreover, the UIAB did not abuse its discretion, nor did it act in an arbitrary manner by denying Claimant's appeal.

---

[7] *See PAL of Wilmington v. Graham*, 2008 WL 2582986, *3 (Del. Super. June 18, 2008).

4

**NOW, THEREFORE,** this 17th day of August, 2017, the UIAB Decision that Claimant is liable for an overpayment in the amount of $7,260.00 from November 28, 2015 to April 23, 2016 is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**